UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD CLIFFORD McINTYRE,

                            Petitioner,

     v.

ISIDRO BACA, et al.,

                          Respondents.

Case No. 3:13-cv-00079-MMD-WGC

ORDER

Before the Court are petitioner's motion for appointment of counsel (dkt. no. 16), respondents' opposition (dkt. no. 19), and petitioner's reply (dkt. no. 21). The Court sees no reason why it should depart from its denial of petitioner's earlier motion for appointment of counsel (dkt. no. 4). *See* Order (dkt. no. 5).

Also before the Court is petitioner's motion to stay a ruling on the motion to dismiss (dkt. no. 15), respondents' opposition (dkt. no. 20), and petitioner's reply (dkt. no. 22). Petitioner wants the Court to delay ruling upon the motion to dismiss (dkt. no. 7) until the Court rules upon petitioner's motion for appointment of counsel (dkt. no. 16). The Court is denying the motion for appointment of counsel, and there is no reason to delay its ruling upon the motion to dismiss.

Also before the Court are respondents' motion to dismiss (dkt. no. 7), petitioner's opposition (dkt. no. 17), and respondents' reply (dkt. no. 18). Respondents argue that petitioner has not exhausted his available state-court remedies for Ground 4, in part, and Ground 5. The Court agrees with respondents, but the Court also finds that the grounds in question are without merit.

1    Before a federal court may consider a petition for a writ of habeas corpus, the
2    petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To
3    exhaust a ground for relief, a petitioner must fairly present that ground to the state's
4    highest court, describing the operative facts and legal theory, and give that court the
5    opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364,
6    365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

7    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available
8    state remedies only if he characterized the claims he raised in state proceedings
9    specifically as federal claims. In short, the petitioner must have either referenced
10   specific provisions of the federal constitution or statutes or cited to federal case law."
11   *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended,
12   247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal
13   constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th
14   Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is
15   insufficient to establish exhaustion. Moreover, general appeals to broad constitutional
16   principles, such as due process, equal protection, and the right to a fair trial, are
17   insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.
18   1999) (citations omitted).

19   Pursuant to a guilty plea agreement, petitioner was convicted in state district
20   court of two (2) counts of burglary. Ex. 12 (dkt. no. 8). The state district court adjudged
21   petitioner to be a habitual criminal pursuant to Nev. Rev. Stat. § 207.010 and sentenced
22   him to two (2) concurrent sentences of life imprisonment without the possibility of
23   parole. *Id.* Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 23 (dkt.
24   no. 8).

25   Petitioner then filed in state district court a post-conviction habeas corpus
26   petition. Ex. 27 (dkt. no. 9). The state district court appointed counsel, who in turn filed a
27   supplemental petition. Ex. 35 (dkt. no. 9). The state district court denied the petition. Ex.
28   ///

2

42 (dkt. no. 9). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 60 (dkt. no. 10).

Petitioner then commenced this action.

For ease of analysis, the Court will discuss the claims out of numerical order. Ground 5 is a claim that the adjudication of petitioner to be a habitual criminal violated the Fifth, Sixth, Eighth, and Fourteenth Amendments. Petitioner raised a similar claim on direct appeal. *See* Ex. 20, at 5-8 (dkt. no. 8). Respondents argue that in state court petitioner cited to cases that mentioned the Fifth, Sixth, and Fourteenth Amendments, but not the Eighth Amendment. That is incorrect. In one case that petitioner cited, the Nevada Supreme Court considered a challenge to a life sentence because it was disproportionate, in violation of the Eighth Amendment, among other challenges. *See* Ex. 20, at 7 (dkt. no. 8) (*citing White v. State*, 771 P.2d 152, 153 (Nev. 1989)). However, it does not appear that petitioner cited many of these cases for the purposes of a federal constitutional claim. Instead, he seemed to cite them in support of his argument that the district court abused its discretion in adjudging him to be a habitual criminal, which is a question of state law that is not addressable in federal habeas corpus.

There is one case that petitioner cited which did apply the Fourteenth Amendment. The Court of Appeals had held that Nevada law required the sentencing court to make particularized findings of fact that it is just and proper to impose a habitual-criminal sentence, and that that process is a liberty interest protected by the Fourteenth Amendment. *See* Ex. 20, at 6 (dkt. no. 8) (*citing Walker v. Deeds*, 50 F.3d 670 (9th Cir. 1995)). However, the Nevada Supreme Court then clarified that it had never required any such findings, just that the sentencing judge realize that imposing the habitual-criminal sentence is an act of discretion and is not mandatory. *Hughes v. State*, 996 P.2d 890, 892-94 (Nev. 2000). Consequently, petitioner might have presented a Fourteenth Amendment claim to the Nevada Supreme Court, though it was one without merit. However, petitioner did not present the Nevada Supreme Court with

///

1  claims pursuant to any other federal constitutional provision. Ground 5 is unexhausted
2  at least in part.

3        Rather than requiring petitioner to decide what to do with Ground 5, the Court will
4  dismiss it because it lacks merit. *See* 28 U.S.C. § 2254(b)(2). To the extent that he is
5  claiming that the sentencing court did not make particularized findings of fact that it was
6  just and proper to adjudge him to be a habitual criminal, that claim is without merit for
7  the reasons in the preceding paragraph. Petitioner also claims that imposing the
8  habitual-criminal sentence upon him is unconstitutional because the crimes for which he
9  was convicted and the prior crimes that were used to justify habitual-criminal treatment
10  all were non-violent offenses. "[Nev. Rev. Stat. § 207.010] makes no special allowance
11  for non-violent crimes or for the remoteness of convictions; instead, these are
12  considerations within the discretion of the district court." *Arajakis v. State*, 843 P.2d 800,
13  805 (Nev. 1992). Petitioner admitted that enough prior convictions existed to justify
14  habitual criminal treatment. Consequently, Ground 5 is simply a question of whether the
15  state district court abused its discretion in sentencing him as a habitual criminal. That
16  claim is a question of state law that is not addressable in federal habeas corpus.
17  Ground 5 is without merit.

18        Ground 4 is a claim that the cumulative effect of errors resulted in prejudice to
19  him, in violation of the Fifth, Sixth, and Fourteenth Amendments. Petitioner presented a
20  cumulative-error claim to the Nevada Supreme Court in the appeal from the denial of his
21  state habeas corpus petition. Ex. 54, at 10-11 (dkt. no. 11). The issue of exhaustion
22  arises because the cumulative-error argument in that appeal referred only to the claims
23  presented in the state habeas corpus petition and supplemental petition. The argument
24  did not refer to the direct-appeal claim that petitioner presents here as Ground 5.
25  Ground 4 is unexhausted to the extent that it incorporates Ground 5. However, the
26  Court already has dismissed Ground 5 pursuant to 28 U.S.C. § 2254(b)(2) because it
27  lacked merit even though it was unexhausted. The Court will do the same with Ground
28  ///

4

1 | 4. In respondents' answer to Ground 4, they will not need to address whether
2 | petitioner's adjudication as a habitual criminal violated the constitution.

3 |     Petitioner has submitted a motion for clarification of order (dkt. no. 24). The Court
4 | had ordered that hard copies, meaning paper copies, of exhibits be sent to the staff
5 | attorneys in the Las Vegas office (dkt. no. 23). The order is directed toward counsel for
6 | respondents, who will send hard copies of exhibits to the Court in addition to electronic
7 | filing of those exhibits. Petitioner need not concern himself with the order. He should
8 | continue to send documents to the Court for filing as he always has done.

9 |     It is therefore ordered that petitioner's motion for appointment of counsel (dkt. no.
10 | 16) is denied.

11 |     It is further ordered that petitioner's motion to stay a ruling on the motion to
12 | dismiss (dkt. no. 15) is denied.

13 |     It is further ordered that respondents' motion to dismiss (dkt. no. 7) is granted.
14 | Ground 5 of the petition (dkt. no. 5) is dismissed because it lacks merit. Ground 4 of the
15 | petition (dkt. no. 5), to the extent that it incorporates Ground 5, is dismissed because it
16 | lacks merit.

17 |     It is further ordered that respondents shall have forty-five (45) days from the date
18 | of entry of this order to file and serve an answer, which shall comply with Rule 5 of the
19 | Rules Governing Section 2254 Cases in the United States District Courts. Petitioner
20 | shall have forty-five (45) days from the date on which the answer is served to file a
21 | reply.

22 |     It is further ordered that no action need be taken upon plaintiff's motion for
23 | clarification of order (dkt. no. 24).

24 |     DATED THIS 26th day of March, 2014.

25 |
26 |
27 | MIRANDA M. DU
   | UNITED STATES DISTRICT JUDGE
28 |

5